PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. BAUTISTA MACEIRA, Defendant and Appellant.

No. 4050.   Argued February 12, 1930.—Decided March 11, 1930.

*P. Amadeo*, for appellant.   *R. A. Gómez*, for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The complaint filed in this case reads as follows:

"I, Angel Ortiz, Corporal I. P., resident of Santurce, P. R., at Borinquen Avenue, of age, charge Bautista Maceira with the crime of petty larceny (section 438 of the Penal Code) committed in the following manner: That sometime during the month of December, 1928, at Buenaventura Street, Sunoco, Santurce, P. R., in the Municipal Judicial District of San Juan, P. R., the defendant Bautista Maceira then and there illegally, wilfully and maliciously, bought from the minors, Jesús Facundo, Angel Vargas, Luis Suárez, José Pizarro, Luis Rivera, Martín Lacosta and Eligio Ortiz, all under the age of 18 years, four packages of thread, one can of plums, several cigarette cartons, two cheeses, several pairs of slippers, one bottle of Tuborg beer, several brooms, one bottle of anisette, and one pad of white paper, with intent to profit thereby and to prevent the owner from again possessing his property, and knowing the said goods to have been stolen by the said minors from the establishment of Juan Pagán, in Sunoco, which goods have not been recovered, they having been disposed of by the defendant. This is contrary to law, etc."

At the trial before the District Court of San Juan, the testimony tended to establish the fact that the defendant had bought from several children at a low price various goods and articles of merchandise which the latter had stolen from several commercial establishments. To that effect the following witnesses testified:

Angel Ortiz, a corporal of the Insular Police, stated that he made the arrest of·the minors who had committed the theft and that he also arrested the defendant Maceira, whom he found wearing a pair of trousers, which one of the thieves acknowledged to have stolen from a store and which was identified by the owner thereof as one of the pairs missing. He further testified that he had been unable to recover the packages of thread, the can of plums, some cheeses, several cigarette cartons and other goods, of whose theft he had learned from the owners of the said establishments.

Juan Pagán testified that there were missing from his store various goods including some thread, cheese, cigarette cartons, etc., and that he had not been able to recover them.

Luis Suárez, 11 years old, testified that Jesús, Sopa, and others accustomed to steal and to sell to the witness, to Juancho and to Soto the goods stolen; that the thieves gave him two dozen pairs of trousers and two cheeses; that he sold the cheese to the defendant because Jesús Facundo told him to take it to the former, and he did so and he told the defendant that Jesús sent him there in order that the defendant purchase the cheeses from him; that the defendant told the witness to steal little and carefully.

Angel Vargas stated that he was one of those who took many things from the house of Juan Pagán, including cigarette packages, brooms, beer, plums and some packages of thread which Facundo stole and brought to Bautista Maceira, who paid him for them as they had brought him a can of plums which they had stolen; that Maceira told them to steal carefully so as not to be caught; that they also stole

some cigarette cartons and sold them to the said Bautista or don Bausta.

To the same effect was the testimony of Jesús Facundo, 13 years old, and Eligio Ortiz. They stated how they stole the said goods and sold them to Bautista Maceira.

Bautista Maceira testified denying the testimony of the boys and stated that he supposed that he had been "framed".

Joaquín Rivera, Juan Ruiz and José Cruz Hernández testified that they had known Bautista Maceira for a long time; that he was a man of good reputation, honest and industrious; that he was engaged in business in Santurce and owned a grocery store and a theatre.

The court found the defendant guilty of violating section 438 of the Penal Code and sentenced him to 15 days' imprisonment in jail, and to pay the costs. From that judgment the defendant appealed.

Five errors are assigned by the appellant, thus:

"I. The court erred in weighing the evidence.

"II. The court erred in overruling the objection of the defendant to the striking out of the answer given by the witness Jesús Facundo regarding a pistol. (Page 21, line 9 of the transcript.)

"III. The court erred in convicting the defendant, based upon evidence consisting of the testimony of accomplices.

"IV. The court erred in convicting the defendant without the stolen goods having been found in his possession.

"V. The court erred in convicting the defendant without the stolen goods having been identified."

In his brief the appellant argues his assignments of error jointly, without justifying such a procedure. This, perhaps, would be a sufficient reason for dismissing the appeal, for failure to comply with the Rules of this court; but, notwithstanding the defect noted, we shall consider and pass upon the assignments made.

As regards the weighing of the evidence, no manifest error is shown which would justify our reversal of the judg-

ment appealed from. Indeed, there is not even any conflict in the evidence, since that offered by the defendant only tended to prove his good reputation. After examining the evidence, we can not conceive how it could have been weighed otherwise than as the trial court did.

In connection with this assignment the appellant raises the interesting question as to whether or not the *corpus delicti* has been established.

In a case like the present one, the mere fact that there should be purchased from infants less than 18 years old—a circumstance which in this case reveals itself from the physical appearance of the children involved—various articles including cheese, trousers, cigarettes, etc., at lowest prices, even if the purchaser did not investigate the origin of such articles, might perhaps be sufficient in itself. But from the testimony offered something more is shown; there has been shown the guilty knowledge on the part of the accused as to the origin of the articles which he purchased.

Perhaps the decision in the case of *People* v. *Garcés*, 36 P.R.R. 241 is not strictly applicable, since in that case the stolen electric batteries were found in the possession of the defendant; but that decision contains something which has a most important bearing upon the case herein. Garcés was a dealer in automobile supplies and bought two electric batteries for five dollars. He knew that the current price of electric batteries was from eighteen to twenty dollars each. And this was construed against Garcés. In the said decision there was cited the case of *People* v. *Clausen*, 120 Cal. 382, where it was held that the question of whether the defendant knew that the goods had been stolen was to be determined from all the facts of the case.

We think it useful to quote now the following paragraph from the opinion of this court in *People* v. *Moreno*, 28 P.R.R. 96, 100, where it was said:

"The third assignment of error depends upon the alleged failure

to prove the *corpus delicti*. Apparently no one in the court below doubted that the child was killed by the machine. The judge does not even mention the death in his résumé of the facts, and under these conditions, if the death from the blow may be reasonably inferred from the statement of the witnesses in the record without the direct proof by a physician, such a necessary inference may be made on appeal. The mother said, without objection, that her child was killed by a machine driven by the defendant. Many witnesses say that the machine passed over the child. Another witness said that he picked up the child, which was taken away from him and carried to a hospital where it died. From these statements, although possibly hearsay, the jury in the absence of objection, had a right to infer that the child was dead, that it died almost immediately, and that its death was due to its being run over by the automobile. The defendant waives the necessity of direct evidence when he permits other testimony to go in at the trial."

It has been generally held that *corpus delicti,* "the body or substance of the crime", means, as applied to a particular offense, the actual commission by someone of the particular crime charged. (See 16 C. J. 771, par. 1578.)

In *Rupord* v. *State,* 122 Pac. 1108, a case decided by the Court of Appeals of Oklahoma, the following is set out in the syllabus:

"In prosecution for unlawfully conveying intoxicating liquor from one place in this state to another place therein, the state is only required to establish by the proof, beyond a reasonable doubt, that the liquor charged to have been conveyed, or some portion of it, was conveyed as alleged in the information."

In passing upon this point it is necessary to consider the contention advanced that the evidence herein consisted of the testimony of accomplices, without any corroboration.

In 16 Corpus Juris, 700, paragraph 1430, we find the following:

"Proof of corpus delicti.—It has been held that the requirement of corroboration extends only to the guilt of defendant, and that accordingly the corpus delicti may be established by the uncorroborative evidence of an accomplice; but there is also authority for

the view that an accomplice must be corroborated even with respect to the commission of a crime as distinct from the connection of the defendant therewith.''

In *People* v. *Alvarez*, 37 P.R.R. 540, it was said (p. 542):

''Perhaps one of the difficulties of the situation is that the defendant and Carbonell were not guilty of committing the same crime; each of them, if guilty at all, had committed an independent criminal act. There is no semblance of a common intent and with difficulty could they be thought to be accomplices.''

Section 438 of our Penal Code is perfectly clear. The purchase or reception of stolen goods, knowing the same to have been stolen, constitutes an offense separate from the crime of larceny. In this sense the minors who testified at the trial are not accomplices.

We can not conceive how any essential rights of the defendant could have been prejudiced by the failure to strike out the answer of Jesús Facundo relating to a pistol. It should be remembered that the case was tried to the court without a jury, and no fear need be entertained that a judge would take into consideration evidence which is manifestly objectionable. The judge, instinctively and out of habit, sets aside all evidence which he must not take into account by reason of its being inadmissible, irrelevant, or improper.

The stolen goods were not found in the possession of the defendant. Inasmuch as movable property, transferable by mere delivery, and merchandise, which no person would be expected to keep for curiosity or diversion, were involved, it was only logical that those goods should not be found in his possession. If such possession were an indispensable requisite, the case would be most rare where the crime could be punished.

The errors assigned are non-existent.

The judgment appealed from should be affirmed.